[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter was tried before the court on May 29th, 2001. The plaintiff is an attorney who was practicing law in the Westport area during the time frame 1992 through 1995, when he represented the interest of the defendant in the settlement of his mother's estate. The plaintiff is suing the defendant for attorney's fees that remain unpaid for services during that period.
Prior to the defendant contacting the plaintiff for his services, he was acting in a pro se capacity in the Fairfield Probate Court wherein he was contesting the distribution of his mother's estate and wherein he had filed two separate claims against the estate, one in the amount of $116,000 and the other in the amount of $29,000 for expenditures he claims were made on behalf of his mother. The probate court appointed a guardian ad litem for him, Attorney David Slepian.
In November of 1992, the administrator of the estate, Attorney James Lee, denied, almost in toto, the claims of the defendant. The defendant filed a notice of appeal or an objection to that finding and subsequently, the Probate Court scheduled a hearing on that matter for January the 7th of 1993.
In the interim, some time in early December of 1992, the defendant sought the services of the plaintiff on his behalf. The plaintiff testified that they discussed the course of the proceedings and determined that it would be more cost effective to go directly in a separate suit to the Superior Court against the defendant's brothers and sister and Attorney Lee than to challenge the earlier findings of the CT Page 7896 Probate Court.
Although there was conflicting evidence as to the terms of their agreement on counsel fees, the court concludes that the more reasonable and credible position was that of the plaintiff which was for interim billing and payment rather than the defendant's position that payment was only due at the conclusion of the matter. This was not a contingency fee case.
The plaintiff testified that the defendant was in agreement with his recommendation and therefore, on the defendant's behalf, he notified the Probate Court that they would not be going forward with the hearing on January the 7th.
Shortly thereafter, a case was brought in the Superior Court by the defendant against his brothers and sisters and the administrator of the estate making two basic claims: a claim against the estate, based on the defendant's mother's oral agreements to repay him for any advances he made on her behalf, and another claim against his brothers and sisters for their interference with their mother's efforts to make a new will, which would have made the defendant the sole owner of the Fairfield real estate.
That real estate was the major asset of the defendant's mother's estate. It was valued at approximately $260,000.00 at the time of his mother's death. The only other asset in the estate was a small bank account of approximately $8,000.00. At the time of the defendant's mother's death, she was a one half owner of that property as a tenant in common with the defendant who owned the other one half interest in the real estate.
The case was tried before Judge Moran in the Superior Court, and Judge Moran rendered a decision in favor of the defendants.
There were discussions between the defendant and the plaintiff with reference to an appeal. At that time the defendant had not paid for his counsel fees, and the plaintiff basically advised him against taking the appeal.
The defendant took the appeal on a pro se basis and argued the case himself before the Appellate Court, which affirmed the trial court's earlier decision against him.
The plaintiff in this case had filed several interim bills, which are evidence in this case, indicating that at the time he terminated his services to the defendant he was owed the sum of $12,137.80. The CT Page 7897 defendant apparently does not contest that amount of money. In his testimony he rambled on about certain things that he claims were not done properly by the plaintiff on his behalf, and spent most of his time talking about the proposed hearing of January 7th, 1993, about which he claims that he personally was never notified.
The court is satisfied that there were discussions between the plaintiff and the defendant with reference to a change in strategy and that they had decided to pursue the matter directly in the Superior Court in a separate suit as opposed to pursuing an appeal or an objection in the Probate Court to the earlier decision by the administrator to deny the plaintiff's claims.
The court finds the bill for services to be reasonable. They are based on an hourly rate of a maximum of $125.00. The plaintiff indicated that there were other times when he actually only charged $75.00 an hour.
The Court finds the number of hours expended for preparation, conferences, and the trial of this matter to be reasonable, the hourly rate to be reasonable, and, therefore, judgment for the plaintiff in the amount of $12,137.80 may enter.
The plaintiff is seeking interest on the judgment from the time the bills were submitted. That is a matter in the court's discretion, and in light of the circumstances in the case, the court is not going to grant the plaintiff's request for interest.
Although the court has found the issues in this case for the plaintiff, it does appear from listening to the defendant that he honestly feels that he has been wronged, and he still feels that he was entitled to receive the amount of his claims, either in the Probate Court or in the case that was tried in the Superior Court. The Court does not find that there was any wrongful withholding of the plaintiff's bill.
GORMLEY, J.